# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STEVEN HOFFMANN and<br>SARA HOFFMANN,<br><br>    Plaintiffs,<br><br>  v.<br><br>EMPIRE MACHINERY & TOOLS LTD.,<br><br>    Defendant,<br>    Third-Party Plaintiff<br><br>  v.<br><br>INDUSTRIAS ZUMARRAGA S.A..,<br><br>    Third-Party Defendant. | Case No. 4:10-CV-00832-NKL |

## ORDER

Before the Court is the Motion to Dismiss [Doc. # 41] filed by Defendant/Third-Party Plaintiff Empire Machinery and Tools Ltd. ("Empire"), pursuant to Missouri's Innocent Seller Statute, Mo. Rev. Stat. § 537.762, as well as the Motion to Withdraw as Counsel [Doc. # 46] for Third-Party Defendant Industrias Zumarrága S.A. ("Zumarrága") filed by Douglas E. Winter, Christopher C. Javillonar, and Emma L. Dill, of the law firm of Bryan Cave LLP ("Bryan Cave"), pursuant to Local Rule 83.5(o). For the following reasons, the Court denies the Motion to Dismiss and grants the Motion to Withdraw as Counsel.

**I.    Background**

Steven Hoffmann and his wife, Sara Hoffmann, are the plaintiffs in this suit, which arises out of a hand injury that Mr. Hoffman suffered while using an allegedly defective beader machine at his place of employment in Missouri. That beader machine was manufactured by Zumarrága, a Spanish entity, and sold to Mr. Hoffman's employer by Empire, a Canadian entity. In Counts I and II of the Plaintiffs' First Amended Complaint, the Hoffmanns raise strict liability claims against both Defendants. In Count III, the Hoffmanns allege Defendants failed to exercise ordinary care in distributing or selling the beader machine without defect, in reasonably inspecting the machine to ensure its freedom from defect, in properly and adequately testing the machine for defects, and in providing adequate warnings or instructions regarding the use of the machine. In Count IV, Sara Hoffmann seeks damages for loss of consortium.

Empire asserted a third-party claim against Zumarrága for indemnification and contribution and removed the action to this Court based on diversity jurisdiction. Zumarrága then moved to dismiss Empire's Third-Party Petition for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure, which this Court denied. [Doc. # 37]. The Hoffmanns filed an Amended Complaint joining Zumarrága as a defendant, and in Empire's Answer to Plaintiffs' First Amended Complaint, it asserted a cross-claim against Zumarrága for indemnification and contribution. Zumarrága has not filed its Answer to either Plaintiffs' or Empire's claims, nor has it filed its response to Empire's Motion to Dismiss.

**II.    Discussion**

### A. Uncontested Motion to Withdraw as Counsel

According to a letter dated June 13, 2011, from Zumarrága's accountant, Zumarrága had instructed Bryan Cave in December 2010 not to take any action on its behalf in this case other than to prepare and file its December 31, 2010 Motion to Dismiss Defendant/Third-Party Plaintiff Empire Machinery and Tools Ltd.'s Third-Party Petition for Damages "because Zumarrága cannot afford it." [Doc. # 46-1]. Thus, Zumarrága's letter terminated Bryan Cave's representation of it in this case and requested that Bryan Cave withdraw as its counsel, subject to approval by the Court. Zumarrága stated that it will not pay Bryan Cave for any services performed in relation to this case going forward. Zumarrága has also confirmed that it does not intend to secure replacement counsel for Bryan Cave, and that it does not intend to defend against or otherwise participate in further proceedings in this Court. Zumarrága has not yet determined whether it will appeal any final judgment entered by this Court, but it will secure counsel at that time if it chooses to appeal.

Bryan Cave argues that if it is not permitted to withdraw as counsel for Zumarrága, Bryan Cave will be required to expend significant time and expense in relation to this case for which it will not be compensated by Zumarrága, and will therefore suffer undue hardship. Local Rule 83.5(o) provides:

> **Withdrawal of Counsel and Entry of Appearance of New Counsel.** Counsel may not be relieved from further representation of a client without obtaining leave of Court. Such leave will ordinarily be denied unless entry of appearance by substitute counsel is assured or has occurred.

W.D. Mo. L.R. 83.5(o). The Court finds that withdrawal is appropriate under these

circumstances despite Local Rule 83.5(o)'s warning that the withdrawal of counsel will ordinarily be denied absent the appearance of substitute counsel. Therefore, the Court grants Bryan Cave's motion to withdraw. However, the Court reminds Zumarrága that it cannot represent itself because it is a corporation. See, *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir.1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed *pro se*). Further, the Court will not grant Zumarrága an extension on deadlines to obtain new legal counsel since it has voluntarily chosen to proceed without representation.

**B.    Motion to Dismiss**

On a motion to dismiss, the Court construes the complaint liberally, in the light most favorable to the plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). Allegations from the Plaintiffs' Amended Complaint are thus assumed true for purposes of this motion to dismiss.

Missouri's Innocent Seller Statute provides in relevant part:

1. A defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section.
2. This section shall apply to any products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim.
3. A defendant may move for dismissal under this section within the time for filing an answer or other responsive pleading unless permitted by the court at a later time for good cause shown. The motion shall be accompanied by an affidavit which shall be made under oath and shall state that the defendant is aware of no facts or circumstances upon which a verdict might be reached against him, other than his status as a seller in the stream of commerce.
4. The parties shall have sixty days in which to conduct discovery on the issues raised

> in the motion and affidavit. The court for good cause shown, may extend the time for discovery, and may enter a protective order pursuant to the rules of civil procedure regarding the scope of discovery on other issues.
> 5. Any party may move for a hearing on a motion to dismiss under this section. If the requirements of subsections 2 and 3 of this section are met, and no party comes forward at such a hearing with evidence of facts which would render the defendant seeking dismissal under this section liable on some basis other than his status as a seller in the stream of commerce, the court shall dismiss without prejudice the claim as to that defendant.
> 6. No order of dismissal under this section shall operate to divest a court of venue or jurisdiction otherwise proper at the time the action was commenced. A defendant dismissed pursuant to this section shall be considered to remain a party to such action only for such purposes.
> 7. An order of dismissal under this section shall be interlocutory until final disposition of plaintiff's claim by settlement or judgment and may be set aside for good cause shown at anytime prior to such disposition.

Mo. Rev. Stat. § 537.762 (2000).

In this diversity action, this Court applies Missouri's substantive law and federal procedural law. *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also Winthrop Res. Corp. v. Stanley Works*, 259 F.3d 901, 904 (8th Cir. 2001). Under Missouri law, § 537.762 is primarily procedural but contains a substantive aspect. The substantive portion provides that a "downstream seller" – i.e., a defendant whose liability is based solely on his status as a seller in the stream of commerce – has a right to an interlocutory order of dismissal so long as the downstream seller can prove that another defendant, including the manufacturer, is in the lawsuit and the plaintiff can obtain total recovery against that defendant. *Gramex Corp. v. Green Supply Co.*, 89 S.W.3d 432, 445 (Mo. 2002). In essence, this "substantive" portion is only available when the more liable defendant is both before the court and capable of satisfying the claim. *See Sappington v. Skyjack Inc.*, No. 04-5076-CV-SW-FJG, 2008 WL

5

795598, *3 (W.D. Mo. Mar. 20, 2008); *Henry v. Mylan Pharm., Inc.*, No. 05-CV-40092-NKL, 2005 WL 2101049, *5 (W.D. Mo. Aug. 31, 2005).

Empire argues that because Zumarrága manufactured the beader machine while Empire only sold and distributed it to Mr. Hoffman's employer, Empire is an "innocent seller" under this statute and it should be dismissed since Plaintiffs' claims against it are based solely upon its status as a seller in the stream of commerce. Empire further argues that total recovery may be had by the Hoffmanns against Zumarrága, the upstream distributor, which is properly before the Court. However, the Court finds that Empire does not meet the substantive requirements of § 537.762.1, which states, "[a] defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim as provided in this section." Mo. Rev. Stat. § 537.762.1.

The Hoffmanns have alleged a count for negligence and a count for loss of consortium in addition to their strict liability claims against Empire. The innocent seller statute does not apply to actions against innocent sellers that include independent negligence claims. *Sappington*, 2008 WL 795598 at *3. Since it is clear that the Hoffmanns allege that Empire is liable for more than its acts as a seller in the stream of commerce, dismissal is improper. *Henry*, 2005 WL 2101049 at *5.

Additionally, the Court finds that Empire does not meet the substantive requirements of § 537.762.2, which states that the Innocent Seller Statute only applies to "any products liability claim in which another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." Mo. Rev. Stat. §

6

537.762.2. A defendant whose liability is based solely on its status as a seller in the stream of commerce may be dismissed from an action if the manufacturer of the product is properly before the court "and is financially able to fully compensate the plaintiff." *Sappington v. Skyjack, Inc.*, 338 Fed.Appx. 551, 553 (8th Cir. 2009). Empire has only summarily stated that Zumarrága is properly before the Court and that Plaintiffs can recover it. Empire offers no evidence to suggest that Plaintiff will be able to recover from Zumarrága. Indeed, the above discussion regarding the Motion to Withdraw significantly calls into question Zumarrága's financial status.

For the forgoing reasons, the Motion to Dismiss must be denied.

**III. Conclusion**

Accordingly, it is hereby ORDERED that Empire's Motion to Dismiss [Doc. # 41] is DENIED and Bryan Cave's Motion to Withdraw as Counsel [Doc. # 46] is GRANTED.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: August 3, 2011
Jefferson City, Missouri